UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE WARNER, | : |
| Plaintiff, | : |
| V. | : CASE NO. 3-09-CV-199 (RNC) |
| ROBERT B. GYLE, III, | : |
| Defendant. | : |

## RULING AND ORDER

Plaintiff Lorraine Warner brings this action under 42 U.S.C. § 1983 against defendant Robert B. Gyle, III, a state marshal, claiming that he violated her rights under the Fourth Amendment and the Connecticut Constitution when he arrested and handcuffed her during the execution of a capias. Her claims are based on theories of false arrest, false imprisonment and excessive force. The defendant has moved for summary judgment on all the claims in the complaint. As explained below, the defendant had a valid warrant to arrest the plaintiff, which requires judgment in his favor on the false arrest and false imprisonment claims. In addition, although handcuffing the plaintiff may have constituted excessive force under the Fourth Amendment, the defendant is entitled to qualified immunity because his actions did not violate a clearly established constitutional right. Accordingly, the motion for summary judgment is granted on the federal claims, which are dismissed with prejudice. I decline to exercise supplemental

jurisdiction over the remaining claims, which are dismissed without prejudice.

I.   Summary Judgment

Summary judgment may be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To avoid summary judgment, the plaintiff must point to evidence that would permit a "fair-minded jury" to return a verdict in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In determining whether this standard is met, the evidence must be viewed in the light most favorable to the plaintiff. Id. at 255.

II.  Facts

The summary judgment record, viewed in its entirety and in the light most favorable to the plaintiff, would permit a jury to reasonably find the following facts. On May 12, 2008, Judge Mintz of the Connecticut Superior Court issued a capias for the arrest of the plaintiff because of her failure to appear as a witness in a state court case.[1] In a box entitled "conditions of release," Judge Mintz wrote: "The State Marshal is requested to arrest the above Defendant and bring [her] to court any Monday between 9:00 AM and 2:00 PM. At no time is the

---

[1] A capias is a warrant that authorizes an arrest. See Milner v. Duncklee, 460 F. Supp. 2d 360, 374 (D. Conn. 2006).

2

defendant to be incarcerated.  The Marshal must notify the Plaintiff to come to court that day."  The defendant was given the capias to execute in his capacity as a state marshal.[2]

The defendant called the plaintiff, informed her of the warrant for her arrest and instructed her to meet him at the Superior Court in Danbury as required by the warrant.  On Monday, June 9, they met at the court service center.  The defendant gave the plaintiff a copy of the capias and explained that she was under arrest.  He told her that he would have to take her "across the hall" to "lock her up."  He then handcuffed her and escorted her fifteen feet across the hall to the judicial marshal's office.

The plaintiff had no further contact with the defendant after he brought her to the judicial marshal's office.  Someone other than the defendant searched the plaintiff, put irons on her legs, moved her to a cell, took her to the courtroom, and returned her to the cell in handcuffs and leg irons after her court appearance.  The plaintiff has admitted that the defendant left the area some time before she was moved to a cell for the first time.

III. Discussion

    False Arrest and False Imprisonment

---

[2] State marshals are independent contractors authorized to serve process.  In contrast, judicial marshals are employed by the state and responsible for courthouse security.

3

Plaintiff claims that the defendant violated her Fourth Amendment right to be free from false arrest and false imprisonment. These claims are unavailing if the arrest warrant was valid. See Russo v. City of Bridgeport, 479 F.3d 196, 204 (2d Cir. 2007). Plaintiff does not attack the validity of the capias issued by Judge Mintz. Because she presents no evidence of an invalid arrest, summary judgment must be granted in favor of the defendant on the false arrest and false imprisonment claims.

Excessive Force

Plaintiff claims that the defendant used excessive force in handcuffing her and taking her to the jusdicial marshal's office. An officer's use of force violates the Fourth Amendment if it is objectively unreasonable in the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989); Maxwell v. City of New York; 380 F.3d 106, 108 (2d Cir. 2004). The defendant contends that he is entitled to summary judgment on this claim because the force he used was not excessive. However, handcuffing to effectuate an arrest is not necessarily reasonable, see Soares v. Connecticut, 8 F.3d 917, 922 (2d Cir. 1993), and the defendant has not shown that handcuffing the plaintiff was reasonable in the circumstances. The plaintiff voluntarily met the defendant at the courthouse; her alleged offense was failure to appear in a civil case; and she showed

no signs of resisting arrest or attempting to flee.  A
reasonable jury could find that handcuffing the plaintiff was
unreasonable.

Though the force associated with handcuffing the plaintiff
may have been excessive, the defendant is entitled to qualified
immunity on this part of the case.  Qualified immunity applies
when (1) an official's behavior "[does] not violate a clearly
established constitutional right" or (2) an official was
"objectively reasonable in believing in the lawfulness of his
actions" even if the official violated a clearly established
constitutional right.  Crotty, 346 F.3d at 101-02.  Here, the
defendant's decision to handcuff the plaintiff did not violate
a clearly established constitutional right.

Whether a constitutional right is clearly established
depends on several factors: (1) whether the contours of the
right are defined with reasonable specificity; (2) whether
precedents of the Supreme Court and Second Circuit support the
existence of the right; and (3) whether a reasonable official
would have understood his acts were unlawful.  Soares, 8 F.3d
at 922.  When Soares was decided, "[n]either the Supreme Court
nor the Second Circuit [had] established that a person has a
right not to be handcuffed in the course of a particular
arrest." Schy v.State of Vermont, 2 F.App'x 101, 103 (2d Cir.
2001); Soares, 8 F.3d at 922.  The same remains true today.

5

Because no such clear authority exists, the defendant is entitled to qualified immunity with regard to his handcuffing of the plaintiff.

The defendant is also entitled to qualified immunity with regard to his decision to take the plaintiff to the judicial marshal's office. It is true that the capias stated she was not to be incarcerated. The defendant's decision to take the plaintiff to the judicial marshals was nonetheless one that competent officers could have made. The capias directed the defendant to "transfer the custody of [the plaintiff] to a judicial marshal at the court unless [the plaintiff] require[d] medical attention." The capias made it clear that the judicial marshal, not the defendant, would be responsible for bringing the plaintiff before the court. Given the terms of the capias, a reasonable official in the defendant's position could conclude that he was permitted – if not required – to take the plaintiff to the judicial marshals. Moreover, the defendant could reasonably assume that the judicial marshals would take the plaintiff to court and not incarcerate her, per Judge Mintz's articulated conditions of release. Qualified immunity therefore applies.[3]

---

[3] The plaintiff denies that the defendant "transferred custody" to the judicial marshals, but there is no evidence that he retained custody after his departure from the judicial marshal's office, which was before the plaintiff was placed in a cell. Nor is there any evidence in the record that he encouraged or participated in the judicial marshals' decisions after that time.

IV. <u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment is hereby granted (Doc. # 13). The federal claims are dismissed with prejudice; the state law claims are dismissed without prejudice to refiling in state court.

So ordered this 30th day of September 2010.

                                                  /s/ Robert N. Chatigny  
                                                  Robert N. Chatigny  
                                          United States District Judge